NELSON, ADMINISTRATRIX ETC. *v.* LATOURRETTE

[No. 19,365. Filed November 16, 1961. Rehearing dismissed December 14, 1961.]

*Myers & Molique,* of Logansport, for appellant.

*Miller & Tolbert,* of Logansport, for appellee.

RYAN, P. J.—Mrs. Blanche Wakley, the appellant's decedent, had executed a contract with the United States for transporting the mail on Route No. 33143 from Logansport to Reynolds, Indiana, twelve (12) times a week. She then entered into a sub-contract whereby Mrs. Wakley, "contractor with the United States, party of the first part," and Mrs. Blanche Wakley and Joe LaTourrette, parties of the second part, agreed to so transport the mail. Mrs. Blanche Wakley then died on March 28, 1957. Thereafter the appellant filed a supplemental inventory in which she listed and appraised the following:

> "Interest as Contractor and as Subcontractor under contract with the United States effective July 1, 1955, through June 30, 1959, for transportation of the United States Mail on Route No. 17143 (formerly No. 33143)."

The appellee then filed his petition alleging that such "property" was the "absolute property" of the appellee and that the estate of the decedent had no interest therein, and further requesting the court to set over to him such contract and to order the administratrix to remove it from the inventory. Trial was had by court, who granted a judgment in favor of the appellee, with the decree that such sub-contract was the absolute property of the appellee and that the same should be stricken from the inventory. Appellant filed her motion for a new trial which was overruled, the overruling of which is now assigned as error. Appellant challenges the judgment below as not being sustained by the evidence and as being contrary to law.

The term "property" is one which is often abused and seldom defined or subjected to a careful analysis. It is generally used to denote a subject matter of a physical nature, such as a house, a car, or a cow. It is also used to denote a complex group of jural relations between the owner of a physical subject and all other individuals. When we refer to a contract right as property we are using the term as a subject matter of property relationship. It is different from a home, a car, or a cow, and thus while a contractual right is not a property right, it may be and is regarded as a subject matter of property rights. 4 Corbin on *Contracts*, ch. 47, §860, p. 418.

The relationship created by the sub-contract between Mrs. Wakley and Mr. LaTourrette was one of a personal nature. The act of transporting United States Mail is both a personal and public trust and is one of responsibility. It necessitates important duties to the general government. *McConaghy* v. *Clark* (1904), 35 Wash. 689, 77 Pac. 1084.

The sub-contract required a certification by the local postmaster that the sub-contractors be above eighteen (18) years of age, that they are competent and have the pecuniary ability to provide the service of transporting the mail and that they are of sufficient intelligence to properly handle and deposit the mail in the proper boxes along a particular route.

It should further be noted that 39 USCA, §445, provides:

"No subletting or transfer of any mail contracts shall be permitted without the consent in writing of the Postmaster General; . . ."

The sub-contract thus falls within the general classification of a contract for personal services, which, upon her death, would terminate. Mrs. Wakley's only interest in the sub-contract would be the pecuniary compensation to which she might be entitled, if any were due her under the contract, up to the date of her death, and the sub-contract could not be the "absolute property" of the appellee. The record does not disclose what subsequent transactions, if any, occurred between the appellee and the United States Government.

Judgment is therefore reversed.

Ax, Cooper and Myers, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 67.